# EXHIBIT "B"

# BURKE, WARREN, MACKAY & SERRITELLA, P.C.

330 NORTH WABASH AVENUE
22ND FLOOR
CHICAGO, ILLINOIS 60611-3607
TELEPHONE (312) 840-7000
FACSIMILE (312) 840-7900
www.burkelaw.com

JONATHAN W. MICHAEL
DIRECT DIAL NUMBER
(312) 840-7049
jmichael@burkelaw.com

November 11, 2010

**VIA FEDERAL EXPRESS**

Vincent R. McGuinness, Esq.
Administrative Managing Partner
Cozen O'Connor
1900 Market
Philadelphia, Pennsylvania 19103

      **RE:   Sarah Ellyn Farley**

Dear Mr. McGuinness:

As you know from our prior correspondence, we represent David and Joan Farley, the parents of your partner, Sarah Ellyn Farley. David and Joan Farley were designated by Ellyn as the beneficiaries of her account in the Cozen O'Connor Profit Sharing Plan. Pursuant to ERISA, request is hereby made for a copy of the Cozen O'Connor Profit Sharing Plan plan document and trust agreement. Please advise if there is a charge, and we will promptly remit payment. We trust you will respond to this written request as soon as possible and definitely within the ERISA time period both to accommodate Mr. and Mrs. Farley as the beneficiaries and to avoid the per diem penalties under ERISA.

In my conversation of November 8, 2010 with Cheryl Progen of your office, I understand that your office is contemplating contacting and releasing information regarding Ellyn's benefits, including life insurance benefits, to individuals who have not been named as beneficiaries of those assets. Mr. and Mrs. Farley are the beneficiaries designated by Ellyn and have not consented to the distribution of that information to anyone other than the plan administrator and those employees who need to know to process a distribution of the account balance and life insurance proceeds. Any other distribution of this information to someone other than my clients will result in an unwarranted invasion of privacy, a negligent or intentional creation of an adverse situation with non-interested parties where none exists now, and an infliction of emotional distress. No one has a legitimate interest in this information other than Ellyn's named beneficiaries.

We can only assume the fact Ellyn had a domestic partner is causing your hesitancy to make a distribution. In that regard, we note Illinois and Pennsylvania do not recognize same sex

# BURKE, WARREN, MACKAY & SERRITELLA, P.C.

Vincent R. McGuinness, Esq.
November 11, 2010November 11, 2010
Page 2

marriages. More importantly, the federal Defense of Marriage Act clearly applies to ERISA plans and defines marriage as being with an individual of the opposite sex. Most importantly, Ellyn considered herself single for these purposes by designating herself as such on the beneficiary designation form of which you have a copy.

In addition to the requested documents, we request and expect an expeditious payment of the account balance to our clients as the designated beneficiaries. In these turbulent economic times, we do not believe that you would not want to hold and assume the investment risk for properly distributable funds.

My clients are very frustrated that their daughter's employer has taken it upon itself to create a dispute where none exists. We advise you to follow the beneficiary designation forms that your firm asked Ellyn to complete.

Should you have any questions, please feel free to contact me. I look forward to your cooperation.

Very truly yours,

Jonathan W. Michael

JWM:amc

cc:   Joseph G. Lyons, Esq.
      Mr. and Mrs. David Farley

14283\00001\773750v1