UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COZEN O'CONNOR, P.C., <br><br> Plaintiff <br><br> v. <br><br> JENNIFER J. TOBITS and <br> DAVID M. FARLEY and <br> JOAN F. FARLEY, h/w, <br><br> Defendants | Case Number 2:11-cv-00045 <br><br> Judge: C. Darnell Jones, II |

**DEFENDANT JENNIFER J. TOBITS' ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSS-CLAIMS TO INTERPLEADER
<u>FIRST AMENDED COMPLAINT</u>**

**<u>ANSWER</u>**

Defendant JENNIFER J. TOBITS ("Ms. Tobits"), by and through undersigned counsel, hereby answers the Interpleader First Amended Complaint of Plaintiff Cozen O'Connor, P.C., according to its numbered paragraphs as follows:

1. Ms. Tobits admits the allegations in paragraph 1, except denies that David M. Farley and Joan F. Farley are entitled to any benefits under the Cozen O'Connor Profit Sharing Plan (hereinafter "the Plan") arising from the participation of Ms. Tobits' decedent wife, Sarah Ellyn Farley, in the Plan. Only Ms. Tobits is entitled to those benefits.

**I.  JURISDICTION, PARTIES AND VENUE**

2. Ms. Tobits admits the allegations in paragraph 2.

3. Ms. Tobits admits the allegations in paragraph 3 and confirms she is the surviving spouse of decedent, Sarah Ellyn Farley.

4. Ms. Tobits admits the allegations in paragraph 4.

5. Ms. Tobits admits the allegations in paragraph 5.

6. Ms. Tobits admits the allegations in paragraph 6.

## II.     THE PROFIT SHARING PLAN

7. Ms. Tobits admits the allegations in paragraph 7.

8. Ms. Tobits lacks knowledge or information sufficient to admit or deny the current or cash value of Sarah Ellyn Farley's account in the Plan, the estimated cash contribution for calendar year 2011, or when the estimated cash contribution will be made.

9. Ms. Tobits admits the allegations in paragraph 9.

## III.    COMPETING BENEFICIARIES UNDER THE PLAN

10. Ms. Tobits admits the allegations in paragraph 10.

11. Ms. Tobits denies personal knowledge or information sufficient to admit the allegations in paragraph 11.  In any event, Ms. Tobits is the only person entitled to the sums of money at issue in this matter.

12. Ms. Tobits admits that paragraph 12 describes the purported designation of Beneficiary form that David M. Farley and Joan F. Farley provided to Plaintiff and admits that September 12, 2010 is the day before Sarah Ellyn Farley's death.  Ms. Tobits denies she ever signed the designation of Beneficiary form.  Ms. Tobits admits the purported notarization is inconsistent with the purported declaration that her wife, Sarah Ellyn Farley, was "single."  Ms. Tobits admits that Plaintiff cannot determine the validity of the designation of Beneficiary form given the fatal flaws on that form but asserts that Ms. Tobits is the only person entitled to the sums of money at issue in this matter.

13. Ms. Tobits admits the allegations in paragraph 13.

14. Ms. Tobits admits the allegations in paragraph 14.

15. Ms. Tobits admits that paragraph 15 quotes selected provisions of the Plan.

16. Ms. Tobits admits that paragraph 16 quotes selected provisions of the Plan.

17. Ms. Tobits admits that paragraph 17 quotes selected provisions of the Plan.

18. Ms. Tobits admits that paragraph 18 quotes selected provisions of the Plan.

19. Ms. Tobits admits that paragraph 19 quotes selected provisions of the Plan.

20. Ms. Tobits admits the allegations in paragraph 20.

21. Ms. Tobits denies the allegations in paragraph 21 to the extent that this paragraph alleges that David M. Farley or Joan F. Farley have valid claims to the distribution of the accounts under the Plan.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

22. Plaintiff is bound not to release the funds to David M. Farley and Joan F. Farley because Sarah Ellyn Farley was subject to undue influence, duress and constraints by David M. Farley and/or Joan F. Farley at the time she allegedly signed the designation of Beneficiary form purporting to name David M. Farley and Joan F. Farley as her beneficiaries under the Plan.

### SECOND AFFIRMATIVE DEFENSE

23. Plaintiff is bound not to release the funds to the Farleys due to mistake. Defendant may introduce evidence of mistake regarding the designation of Beneficiary form David M. Farley and Joan M. Farley presented to Plaintiff, and which Sarah Ellyn Farley purportedly signed.

### THIRD AFFIRMATIVE DEFENSE

24. Plaintiff is not entitled to attorneys' fees. Plaintiff had a duty under the terms of the Plan to determine the proper beneficiary under the Plan. Instead of doing so, Plaintiff seeks a determination from this Court. Plaintiff is not entitled to shift the cost of making that determination onto the beneficiaries by seeking attorneys' fees in this action.

### FOURTH AFFIRMATIVE DEFENSE

25. Defendant is informed and believes that she may have additional affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses after facts supporting those defenses are discovered.

## COUNTERCLAIM

COMES NOW Counter-Plaintiff/Defendant Jennifer J. Tobits and for her Counterclaim against Counter-Defendant/Plaintiff Cozen O'Connor, P.C. states as follows:

Ms. Tobits incorporates herein her Answers to the Interpleader First Amended Complaint of Cozen O'Connor, P.C., her Affirmative Defenses and her Cross-claims as if restated in full, and also asserts the following Counterclaim:

### Jurisdiction, Parties and Venue

26. Ms. Tobits brings this counter-claim for declaratory, injunctive, and monetary relief pursuant to § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3). This Court has subject matter jurisdiction over Ms. Tobits' claims pursuant to ERISA §§ 502(e) and (f), 29 U.S.C. §§ 1132(e) and (f), and 28 U.S.C. § 1331.

27. Venue lies in the Eastern District of Pennsylvania pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the subject Plan is administered in part in this District and some of the breaches alleged occurred in this District.

28. Ms. Tobits is a citizen of the State of Illinois and is the surviving spouse of Plan participant Sarah Ellyn Farley.

29. Ms. Tobits brings this claim for relief in her individual capacity. Ms. Tobits has also filed a petition in the Probate Division of the Circuit Court of Cook County, Illinois, to establish her status as personal representative of the estate of Sarah Ellyn Farley, a participant in the Plan, and brings this claim in that capacity as well.Counter-Defendant Cozen O'Connor, P.C., is a corporation incorporated under the laws of the State of Delaware with its principal offices in the Commonwealth of Pennsylvania.

30. Cozen O'Connor, P.C., is the Plan Administrator of the Plan within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16), and is a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), in that Cozen O'Connor, P.C., exercises discretionary authority or discretionary control respecting management of the Plan, and/or exercises authority

or control respecting management or disposition of its assets, and/or has discretionary authority or discretionary responsibility in the administration of the Plan.

31.     At all times relevant hereto, Cozen O'Connor, P.C., acted through its agents, servants, workers and/or employees who were acting within the course and scope of their authority for Counter-Defendant Cozen O'Connor, P.C.

**Factual Background**

32.     Prior to her death, decedent Sarah Ellyn Farley ("Ms. Farley"), who resided in the State of Illinois, was employed by Cozen O'Connor, P.C. in its Chicago, Illinois office.

33.     Ms. Farley married Ms. Tobits on February 17, 2006 in Toronto, Canada. Cozen O'Connor, P.C., personnel were invited to and attended the wedding reception.

34.     Upon information and belief, prior to Ms. Farley's death, Cozen O'Connor, P.C., knew that Ms. Farley was married to Ms. Tobits.

35.     Prior to Ms. Farley's death, Cozen O'Connor, P.C., knew or should have known that provisions of the Plan might create uncertainty about whether Ms. Tobits would be recognized as Ms. Farley's surviving spouse.

36.     Prior to Ms. Farley's death, Cozen O'Connor, P.C., knew that Ms. Farley had not submitted a valid beneficiary designation under the Plan.

37.     Upon information and belief, Ms. Farley never received a copy of the Plan document quoted below at paragraphs 81 to 85.

38.     The Summary Plan Description ("SPD") for the Plan states as follows:

> **What happens if I die while working for the Employer?**
> If you die while working for us, your entire account balance will be used to provide your beneficiary with a death benefit.
> **Who is the beneficiary of my death benefit?**
> If you are married at the time of your death, your spouse will be the beneficiary of the death benefit, unless an election is made to change the beneficiary. (For purposes of this rule, you will be considered married only if you have been married for one year on the date of your death.) IF YOU WISH TO DESIGNATE A BENEFICIARY OTHER THAN YOUR SPOUSE, HOWEVER, YOUR SPOUSE MUST IRREVOCABLY CONSENT TO WAIVE ANY RIGHT TO THE DEATH BENEFIT. YOUR SPOUSE'S CONSENT MUST BE IN WRITING, BE WITNESSED BY A NOTARY OR A PLAN

REPRESENTATIVE AND ACKNOWLEDGE THE SPECIFIC NONSPOUSE BENEFICIARY.

39. The SPD does not define the term "spouse" or "married."

40. Prior to Ms. Farley's death, Cozen O'Connor, P.C., knew or should have known that Ms. Farley did not know that the Plan might not recognize Ms. Tobits as her surviving spouse in the event of Ms. Farley's death.

41. Upon information and belief, Ms. Farley intended that Ms. Tobits be recognized as her surviving spouse under the Plan in the event of Ms. Farley's death. The information that, contrary to the SPD, a death benefit would not be paid to Ms. Tobits as Ms. Farley's spouse was material to Ms. Farley in making decisions about her benefits.

### COUNTERCLAIM COUNT I
### BREACH OF FIDUCIARY DUTY
### PURSUANT TO ERISA § 502(A)(3), 29 U.S.C. § 1132(A)(3),
### AGAINST COUNTER-DEFENDANT COZEN O'CONNOR, P.C.

42. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires, inter alia, that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits to participants and their beneficiaries, and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

43. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a claim by a plan participant or beneficiary for injunctive or other appropriate equitable relief from a violation of ERISA.

44. ERISA § 102, 29 U.S.C. § 1022, requires the Plan Administrator to provide a Summary Plan Description that is sufficiently accurate and comprehensive to reasonably apprise participants and beneficiaries of their rights and obligations under the plan, and that includes information about, inter alia, circumstances which may result in disqualification, ineligibility, or denial or loss of benefits.

45.     Cozen O'Connor, P.C., breached its fiduciary duty to Ms. Farley and Ms. Tobits by failing to inform Ms. Farley that provisions of the Plan might create uncertainty about whether Ms. Tobits would be recognized as Ms. Farley's surviving spouse, by failing to inform Ms. Farley that she could not ensure that Ms. Tobits would be entitled to a death benefit under the Plan unless she executed a beneficiary designation naming Ms. Tobits, and by related acts and omissions.

46.     The Summary Plan Description failed to comply with ERISA § 102, 29 U.S.C. § 1022 in that it failed to advise participants that some marriages might not be recognized for purposes of providing a death benefit to a participant's surviving spouse.

47.     But for Cozen O'Connor's breaches of fiduciary duty, Ms. Farley would have designated Ms. Tobits as her beneficiary under the Plan.

48.     As a result of Cozen O'Connor's breaches of fiduciary duty, Ms. Farley and Ms. Tobits have been harmed.

**WHEREFORE**, Counterclaimant prays for the following relief:

A.     Order that Cozen O'Connor, P.C., pay to Ms. Tobits the value of Ms. Farley's Plan account as appropriate equitable relief;

B.     Alternatively, order that any Plan benefit paid to Ms. Farley's parents is the subject of a constructive trust for the benefit of Ms. Tobits, and order that such Plan benefit be paid to Ms. Tobits;

C.     Award Ms. Tobits attorneys' fees pursuant to ERISA section 502(g), 29 U.S.C. section 1132(g);

D.     Award Ms. Tobits such other and further relief as the Court deems equitable.

## CROSS-CLAIMS

COMES NOW Cross-Plaintiff/Defendant Jennifer J. Tobits ("Ms. Tobits") and for her Cross-Claims against Cross-Defendants/Defendants David M. Farley and Joan F. Farley states as follows:

Ms. Tobits incorporates herein her Answers to the Interpleader First Amended Complaint of Cozen O'Connor, P.C., her Affirmative Defenses and her Counterclaim as if restated in full, and also asserts the following Cross-Claims:

### Jurisdiction, Parties and Venue

49.     This Cross-Claim arises out of the Interpleader First Amended Complaint of Cozen O'Connor, P.C. and is properly before the Court by virtue of the Court's pendent jurisdiction under 28 U.S.C. 1367.  As to Ms. Tobits' claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), this Court has jurisdiction under ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f).

50.     Ms. Tobits is a citizen of the State of Illinois and is the surviving spouse of Plan participant Sarah Ellyn Farley.

51.     Cross-Defendants David M. Farley and Joan F. Farley are citizens of the State of Virginia.  David M. Farley and Joan F. Farley are the surviving father and mother of Plan participant Sarah Ellyn Farley.

### Factual Background

52.     As stated above, Ms. Farley married Ms. Tobits on February 17, 2006 in Toronto, Canada.  Ms. Farley and Ms. Tobits held a wedding reception in Chicago.  Cozen O'Connor, P.C., personnel were invited to and attended the wedding reception.

53.     Upon information and belief, Ms. Farley also made one or more written statements to Cozen O'Connor, the Plan Administrator, that she was married.

54.     Upon information and belief, at all times relevant hereto, Ms. Farley had a difficult relationship with her parents.

55. Upon information and belief, Ms. Farley suffered severe physical and emotional abuse by Cross-Defendants David M. Farley and Joan F. Farley in her childhood and adolescence. As an adult, Ms. Farley bore raised scars on her back that were noticeable to others, and which were a result of beatings by David M. Farley in Ms. Farley's adolescence.

56. Ms. Farley invited her mother, Joan F. Farley, to the couple's wedding reception in Chicago, but Joan F. Farley refused to attend the wedding or reception. Upon information and belief, Cross-Defendant Joan F. Farley also instructed Ms. Farley not to send wedding invitations to their friends and family in Virginia, or to Ms. Farley's brother, Johnathan Farley.

57. Ms. Farley was diagnosed with a rare form of ocular melanoma in March of 2006. Subsequently, Ms. Farley learned that the cancer had spread to her liver.

58. On September 9, 2010, Ms. Farley's liver began to fail, and she was hospitalized at Northwestern University Hospital in Chicago, Illinois.

59. Upon information and belief, Ms. Farley received pain medication during the course of her hospital stay, from September 9, 2010 until her death on September 13, 2010.

60. At the time of her admission to the hospital, Ms. Farley's medical power of attorney named Ms. Tobits as Ms. Farley's health care agent.

61. On September 9, 2010, Ms. Tobits contacted Cross-Defendants David M. Farley and Joan F. Farley to inform them that Ms. Farley was seriously ill.

62. Cross-Defendants David M. Farley and Joan F. Farley arrived at the hospital late that night.

63. Ms. Farley had executed a Last Will and Testament, naming Nancy Tuohy as her Executor. Upon information and belief, Ms. Farley had arranged for the executed Last Will and Testament to be given Ms. Tuohy and had instructed Ms. Tuohy not to allow anyone else to see it until after Ms. Farley's death. On September 10, 2010, Cross-Defendant David M. Farley repeatedly asked Ms. Tuohy, who was at the hospital, for a copy of Ms. Farley's Last Will and Testament.

64. On the night of September 10, 2010, Cross-Defendant David M. Farley instructed Ms. Farley's nurse that he had "changed the forms" in Ms. Farley's file and that he and Cross-Defendant Joan F. Farley, instead of Ms. Tobits, would be making all decisions related to Ms. Farley's medical care. Following this pronouncement, the Cross-Defendants David M. Farley and Joan F. Farley proceeded to make medical decisions for Ms. Farley. Cross-Defendant David M. Farley also sought to control Ms. Farley's access to visitors and informed hospital staff that Cross-Defendant Joan F. Farley would be taking the visitors' sleeping bed in Ms. Farley's room and that "for the time being" Ms. Tobits would be allowed to have the chair in the room.

65. On September 11, 2010, Cross-Defendant David M. Farley repeatedly asked Ms. Tuohy for a copy of Ms. Farley's Last Will and Testament.

66. On September 12, 2010, Ms. Farley's doctors stated that Ms. Farley did not have long to live.

67. On September 12, 2010, Cross-Defendant David M. Farley again repeatedly asked Nancy Tuohy for a copy of Ms. Farley's Last Will and Testament. At one point, Cross-Defendant David M. Farley went to Ms. Farley's bed and leaned close to her, saying, "Ellyn, tell Nancy I can have a copy of the Will."

68. On September 12, 2010, Cross-Defendant David M. Farley told Ms. Tobits to go to Ms. Farley and Ms. Tobits' home and retrieve a blank designation of Beneficiary form for the Cozen O'Connor Profit-Sharing Plan.

69. Based on Cross-Defendant David M. Farley's behavior and statements up to that point, Ms. Tobits feared that Cross-Defendant David M. Farley would refuse her access to Ms. Farley's hospital room unless she complied. Wanting to see her dying wife and to avoid a dispute in the hospital with her wife's parents, Ms. Tobits went home to retrieve the form.

70. While Ms. Tobits was away from the hospital, Ms. Farley began vomiting blood and came close to death. Ms. Tobits received a phone call informing her that Ms. Farley was close to death, and rushed back to the hospital.

9

71. After Ms. Tobits arrived, either Cross-Defendant David M. Farley or Cross-Defendant Joan F. Farley took the designation of Beneficiary form for the Plan from Ms. Tobits.

72. Approximately one-half hour after Ms. Farley had been vomiting blood, the designation of Beneficiary form for the Plan was allegedly signed by Ms. Farley.

73. Upon information and belief, Cross-Defendants David M. Farley and Joan F. Farley were present with Ms. Farley at the time she allegedly signed the designation of Beneficiary form purporting to name Cross-Defendants David M. Farley and Joan F. Farley as her beneficiaries under the Plan.

74. Ms. Tobits was not present when Ms. Farley allegedly signed the designation of Beneficiary form for the Plan.

75. Ms. Tobits did not sign the spousal consent section of the beneficiary designation form for the Plan.

76. On information and belief, Cross-Defendants David M. Farley and/or Joan F. Farley orchestrated and controlled the manner in which the designation of Beneficiary form for the Plan was filled in and signed.

77. Ms. Farley fell asleep that night and did not wake up thereafter.

78. Ms. Farley died the next morning, September 13, 2010.

### CROSS-CLAIM COUNT I.
### CROSS-CLAIM FOR DECLARATORY JUDGMENT THAT DEFENDANT JENNIFER J. TOBITS IS ENTITLED TO BENEFITS UNDER THE TERMS OF THE PLAN PURSUANT TO ERISA § 502(A)(1)(B) AND 29 U.S.C. § 1132(A)(1)(B), AGAINST DEFENDANTS DAVID M. FARLEY AND JOAN F. FARLEY

79. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a beneficiary of a plan to bring a civil action to recover a benefit due to her under the terms of the plan and to enforce her rights under the terms of the plan.

80. The Plan provides at Sections 1.51, 6.2, and 6.6 that in the event of a participant's death before retirement, a Pre-Retirement Survivor Annuity shall be paid for the lifetime of the participant's surviving spouse, unless both the participant and the participant's spouse have validly waived the Pre-Retirement Survivor Annuity.

81. The Plan provides at Section 6.2 that in the event that, upon the death of a participant before the participant's retirement date or other termination of employment, no valid designation of beneficiary exists for the portion of the participant's death benefit which is not payable as a Pre-Retirement Survivor Annuity, then the death benefit will be paid to the participant's surviving spouse.

82. The Plan provides at Section 1.55A that the term "spouse" means "the person to whom the Participant has been married throughout the one-year period ending on . . . the date of the Participant's death."

83. The Plan further provides that the "Plan Administrator may rely on the Participant's written statement regarding such Participant's marital status."

84. The Plan provides at Section 9.3 that it shall be construed and enforced according to the Internal Revenue Code, ERISA, and the laws of the Commonwealth of Pennsylvania.

85. Cozen O'Connor, P.C., is the Administrator of the Plan.

86. Ms. Tobits is the surviving spouse of Plan participant Sarah Ellyn Farley within the meaning of the Plan.

87. Ms. Tobits and Ms. Farley had been married throughout the one-year period ending on the date of Ms. Farley's death.

88. Upon information and belief, Ms. Farley notified the Plan Administrator in writing that she was married to Ms. Tobits.

89. The Plan Administrator recognized Ms. Tobits as Ms. Farley's surviving spouse by contacting Ms. Tobits following Ms. Farley's death and inquiring whether she wished to submit a claim for benefits under the Plan.

90.     Interpretation of the term "spouse" under the Plan is not dictated by the Internal Revenue Code or ERISA.

91.     Pennsylvania law does not preclude Ms. Tobits from being recognized as Ms. Farley's surviving spouse for the purpose of receiving benefits under the Plan.

92.     Neither Ms. Farley nor Ms. Tobits validly waived the Pre-Retirement Survivor Annuity under the Plan.

93.     Upon Ms. Farley's death, no valid beneficiary designation existed for the portion of Ms. Farley's death benefit not payable as a Pre-Retirement Survivor annuity.

94.     As Ms. Farley's surviving spouse, Ms. Tobits is entitled to a Pre-Retirement Survivor Annuity under the terms of the Plan and payment of the portion of the death benefit not payable as a Pre-Retirement Survivor Annuity.

**WHEREFORE,** cross-claimant prays for the following relief:

A.     Declare that Ms. Tobits is Ms. Farley's surviving spouse under the terms of the Plan;

B.     Order that Ms. Tobits be paid a Pre-Retirement Survivor Annuity under the terms of the Plan;

C.     Order that Ms. Tobits be paid a death benefit under the terms of the Plan;

D.     Award Ms. Tobits attorneys' fees pursuant to ERISA section 502G, 29 U.S.C. section 113 2(G);

E.     Award such other and further relief as the Court deems equitable.

### CROSS-CLAIM COUNT II
### CROSS-CLAIM FOR UNDUE INFLUENCE, DURESS AND CONSTRAINTS AGAINST DEFENDANTS DAVID M. FARLEY AND JOAN F. FARLEY

95.     Cross-Defendants David M. Farley and/or Joan F. Farley were in a confidential relationship with Ms. Farley at the time Ms. Farley allegedly signed the designation of Beneficiary form for the Plan that purported to name Cross-Defendants David M. Farley and Joan F. Farley as her beneficiaries.

96. Cross-Defendants David M. Farley and/or Joan F. Farley were dominant parties over Ms. Farley at the time Ms. Farley allegedly signed the designation of Beneficiary form for the Plan that purported to name Cross-Defendants David M. Farley and Joan F. Farley as her beneficiaries.

97. Cross-Defendants David M. Farley and/or Joan F. Farley had controlling and overpowering influence over Ms. Farley at the time Ms. Farley allegedly signed the designation of Beneficiary form for the Plan that purported to name Cross-Defendants David M. Farley and Joan F. Farley as her beneficiaries.

98. Cross-Defendants David M. Farley and/or Joan F. Farley used their controlling influence of the mind of Ms. Farley to influence her to sign the designation of Beneficiary form for the Plan that purported to name Cross-Defendants David M. Farley and Joan F. Farley as her beneficiaries.

99. At the time she allegedly signed the designation of Beneficiary form for the Plan that purported to name Cross-Defendants David M. Farley and Joan F. Farley as her beneficiaries, Ms. Farley suffered from weakened intellect.

100. At the time she allegedly signed the designation of Beneficiary form for the Plan that purported to name Cross-Defendants David M. Farley and Joan F. Farley as her beneficiaries, Ms. Farley was under acting under duress and constraint.

101. The undue influence of Cross-Defendants David M. Farley and/or Joan F. Farley restrained Ms. Farley from disposing of the Plan in accordance with Ms. Farley's wishes, instead substituting the wishes of Cross-Defendants David M. Farley and/or Joan F. Farley.

**WHEREFORE,** cross-claimant prays for the following relief:

A. Order that the designation of Beneficiary form for the Plan is void;

B. Order a rescission of the designation of Beneficiary form for the Plan;

C. Order that Ms. Tobits be paid a Pre-Retirement Survivor Annuity under the terms of the Plan;

D. Order that Ms. Tobits be paid a death benefit under the terms of the Plan;

  E. Award costs, attorneys' fees and punitive damages in an amount sufficient to deter similar conduct;

  F. Award such other and further relief as the Court deems equitable.

                Respectfully submitted,


                _/s/ Melanie S. Rowen_____
                Melanie S. Rowen, Esquire
                Amy Whelan, Esquire
                National Center for Lesbian Rights
                870 Market Street, Suite 370
                San Francisco, CA 94102

                Benjamin L. Jerner, Esquire
                Tiffany L. Palmer, Esquire
                Jerner & Palmer, P.C.
                5401 Wissahickon Avenue
                Philadelphia, PA 19144

                Teresa S. Renaker, Esquire[*]
                Julie H. Wilensky, Esquire[*]
                Lewis, Feinberg, Lee, Renaker
                  & Jackson, P.C.
                476 9th Street
                Oakland, CA 94607

Dated:  August 1, 2011        Attorneys for Defendant/Counterclaim
                Plaintiff/Cross-Claimant Jennifer J. Tobits

---

[*] Applications to appear *pro hac vice* have been filed.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COZEN O'CONNOR, P.C., | |
| Plaintiff | Case Number 2:11-cv-00045 |
| v. | Jury Trial Demanded |
| JENNIFER J. TOBITS and DAVID M. FARLEY and JOAN F. FARLEY, h/w, | Judge:  C. Darnell Jones, II |
| Defendants | |

**CERTIFICATE OF SERVICE**

I, Melanie S. Rowen, hereby certify that a copy of the foregoing Defendant Jennifer J. Tobits' Answer, Affirmative Defenses, Counterclaim and Cross-Claims to Interpleader First Amended Complaint was served this 1st day of August 2011, upon all counsel via the Court's CM/ECF system.

 _/s/ Melanie S. Rowen_ _____
 Melanie S. Rowen, Esquire