IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COZEN O'CONNOR, P.C., | : |
|     Plaintiff, | : |
| v. | : Case No. 2:11-cv-45 |
| JENNIFER J. TOBITS | : District Judge C. Darnell Jones, II |
|     and | : |
| DAVID M. FARLEY and JOAN F. FARLEY, h/w, | : |
|     Defendants. | : |

## DAVID M. AND JOAN F. FARLEY'S BRIEF IN SUPPORT OF MOTION TO DISMISS JENNIFER J. TOBITS' CROSSCLAIMS PURSUANT TO FRCP 12(b)(6)

Cross-defendants David M. and Joan F. Farley file this brief in support of their Motion to Dismiss Jennifer J. Tobits' Crossclaims on the basis that Ms. Tobits is not a "spouse" entitled to the proceeds of the retirement plan and that the other claim of undue influence is moot.

### I.    Cross-defendant Tobits is Not Sarah Ellyn Farley's Lawful "Spouse"

Tobits' first cross-claim asserts that she is the lawful spouse of Ms. Sarah Ellyn Farley, and so should collect her death benefit.[1] No one executed a spousal waiver of Ms. Farley's death benefit, so Ms. Tobits admittedly is entitled to the death benefit if she is Ms. Farley's "spouse," which the Plan defines as "the person to whom the Participant has been married . . . [on] the date of the Participant's death." Sec. 1.55A. However, ERISA § 205, in its mandate that a "qualified joint and survivor annuity" be provided to a

---

[1] The death benefit is the "Pre-Retirement Survivor Annuity" referred to in the First Amended Complaint for Interpleader (at ¶16), and more generally, at ¶15, "the value of the deceased Participant's accounts." If the latter is greater than the former, it should be distributed to the Participant's Beneficiary.

surviving spouse of a vested plan participant, requires that the annuity be paid to the participant's *lawful* spouse. *Tkachik v. Comerica Incorporated,* 2006 U.S. Dist. LEXIS 92946, at 23, 40 Employee Benefits Cas. (BNA) 1952 (E.D. Mich., 2006), *affirmed*, 268 Fed. Appx. 443, 2008 U.S. App. LEXIS 5743, 2008 FED App. 143N (6th Cir. Mich. 2008), and cases cited therein; *Croskey v. Ford Motor Company-UAW,* 2002 U.S. Dist. LEXIS 8824 at 12-14; 28 Employee Benefits Cas. (BNA) 1438 (S.D.N.Y.2002).  The court in *Croskey* observed: "Addressing the meaning of the term 'spouse' as used in ERISA § 205, all federal courts to have considered the issue have determined that the statutory term 'spouse' refers to the legal spouse. [citations omitted]." ERISA mandates that "pension benefits must be paid to [the decedent plan participant's] lawful widow, regardless of the plan's terms and definitions." *Id.; Locals 40, 361 & 417 Pension Fund v. McInerney*, 2007 LEXIS 1974, at 13, 39 Employee Benefits Cas. (BNA) 2759 (S.D.N.Y. Jan. 9, 2007).[2]

It follows that an ERISA plan *cannot* pay a death benefit to a spousal claimant who is *not* a lawful spouse.  Where there is no surviving spouse, the Plan (at §6.2(f)) directs that the death benefit be paid to the Participant's children, or if none, to "the Participant's surviving parents, in equal shares." §6.2(f)(3).  There are no surviving children here, so if Ms. Tobits is not Ms. Farley's surviving spouse, the death benefit must be paid to Ms. Farley's parents.

Was Ms. Tobits Ms. Farley's lawful spouse?  To answer the question of the identity of the surviving spouse, the court would normally look to state law, as there is no

---

[2] Thus, even though the Plan's definition of "spouse" purports to authorize the Plan Administrator to "rely on the Participant's written statement regarding such Participant's marital status," such a statement still wouldn't allow the Administrator to give a death benefit to someone other than the Participant's *lawful* spouse.

federal domestic relations law. *Trachik, supra* at 24 ("Resort to state law to determine what is meant by 'surviving spouse' is unnecessary.  However, determining *who* the participant is legally married to is dependent on state law because there is no federal common-law with respect to marriage.").  But with respect to the specific question at issue in this case (can a lawful "spouse" be of the same sex as the participant?), the Defense of Marriage Act of 1996 ("DOMA"), 1 U.S.C. § 7,[3] provides the dispositive federal rule of decision.  Under DOMA the term "spouse" in ERISA (and in all other federal statutes and regulations) "refers only to a person of the opposite sex who is a husband or wife."  1 U.S.C.§ 7.   Therefore, "spouse" cannot include Ms. Tobits since she is the same sex as Ms. Farley.  It follows that Ms. Farley did not have a "spouse" within the meaning of ERISA (or the Plan which references ERISA as its interpretive guide), and so her death benefit must go to her parents as next of kin.

      It is worth noting that the Plan could have provided for the result that Ms. Tobits seeks, despite DOMA, but it does not do so.  The Plan could have included same-sex marriage partners (albeit not defined as "spouses") as being eligible for death benefits under specified conditions (*i.e.*, when there is no "spouse" as defined under ERISA/ DOMA), but no such Plan provision was made.

      Federal law is dispositive here, but even if it were not, the result would be the same under state law.  The Plan document adopts Pennsylvania law. *See*, § 9.3. Pennsylvania law states flatly that, "[a] marriage between persons of the same sex which was entered into in another state or foreign jurisdiction, even if valid where entered into,

---

[3] Section 3 of DOMA states: "In determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States, the word 'marriage' means only a legal union between one man and one woman as husband and wife, and the word 'spouse' refers only to a person of the opposite sex who is a husband or wife." 1 U.S.C.§ 7.

shall be void in this Commonwealth." 23 Pa. C.S.A. § 1704.  And, even under the law of Illinois, the analysis would be the same, as Illinois statute provides that: "Same−sex marriages; public policy. A marriage between 2 individuals of the same sex is contrary to the public policy of this State."  750 ILCS 5/213.1; *see also*, 750 ILCS 5/213, 5/216.[4]  In sum, under both federal and state law, Ms. Tobits fails to qualify as Ms. Farley's lawful spouse.

### II. Ms. Tobits' Failure to Qualify as Ms. Farley's Lawful Spouse Renders Moot her Cross-claim for Undue Influence, Duress and Constraints

Ms. Tobits' second cross-claim alleges that Ms. Farley's parents exercised undue influence, duress and constraints against Ms. Farley and in doing so forced her to name them as beneficiaries of her death benefit.  However, since Ms. Tobits is not the lawful spouse of Ms. Farley, Ms. Farley's death benefit must go to her parents as next of kin under the Plan, and any alleged "undue influence, duress and constraints" exerted by them does not change this result.  Therefore, Ms. Tobits' second crossclaim must be dismissed as moot.

WHEREFORE, Joan and David Farley respectfully request that the Court dismiss both of Ms. Tobits' crossclaims, and grant the Farleys all of the relief to which they are justly entitled.

                                              Respectfully submitted,

                                              /s/Randall L. Wenger

Randall L. Wenger
Pa. no. 86537
Independence Law Center
23 North Front Street, Second Floor

---

[4] These provisions were not altered by the recent passage of the Illinois Religious Freedom Protection and Civil Union Act, 755 ILCS 75/1, *et seq.*, which was enacted after the death of Ms. Farley.

Harrisburg, Pennsylvania 17101
Telephone 717-657-4990
Facsimile 717-545-8107

Thomas Brejcha[*]
Peter Breen*
Thomas More Society
29 South LaSalle St. – Suite 440
Chicago, IL 60603
Telephone 312-782-1680
Facsimile 312-782-1887

Jonathan W. Michael*
Aaron H. Stanton*
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash, 22nd Floor
Chicago, IL 60611
Telephone 312-840-7049
Facsimile 312-840-7900

## CERTIFICATE OF SERVICE

    I, Randall L. Wenger, an attorney herein, certify that I caused this DAVID M. AND JOAN F. FARLEY'S BRIEF IN SUPPORT OF MOTION TO DISMISS JENNIFER J. TOBITS' CROSSCLAIMS PURSUANT TO FRCP 12(b)(6) to be served on all counsel via the Court's CM/ECF system on August 22, 2011.

                                                /s/Randall L. Wenger

---

[*] Application for leave to appear *pro hac vice* on file.