IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COZEN O'CONNOR, P.C., | : |
| Plaintiff, | : |
| v. | : Case No. 2:11-cv-45 |
| JENNIFER J. TOBITS | : District Judge C. Darnell Jones, II |
| and | : |
| DAVID M. FARLEY and JOAN F. FARLEY, h/w, | : |
| Defendants. | : |

## DAVID M. AND JOAN F. FARLEY'S RESPONSE TO COZEN O'CONNOR'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants/counterclaim plaintiffs David M. and Joan F. Farley respond as follows to the motion for judgment on the pleadings of plaintiff/counterclaim defendant Cozen O'Connor:

In its motion for judgment on the pleadings, Cozen O'Connor argues that it should be allowed to interplead the funds at issue here.[1] The Farleys do not dispute this contention. This Court should grant Cozen interpleader and order the funds deposited with the Court.

As to the Farley's counterclaim against it, Cozen's only reference to that counterclaim is a brief footnote. *See,* Motion for judgment on the pleadings, etc., p. 12, n. 2. Cozen is correct that, if interpleader is granted and the plan benefits deposited with the Court, the Farleys' counterclaim for recovery of the benefits is properly directed at the fund itself and no longer at Cozen.[2] However, the Farleys' counterclaim for prejudgment interest is independent of the

---

[1] Cozen does not make any argument in support of its claim for costs and fees for bringing the interpleader action, a claim which all defendants oppose.

[2] Cozen has not argued that the Farleys would be unable proceed against it for the proceeds if interpleader were denied.

claim for the fund and thus survives the grant of interpleader. *See, e.g., Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 266, n. 5 (3d Cir. Pa. 2009)("even where no such unreasonable delay occurred, the stakeholder may (depending on the relevant state law requirements) be liable for prejudgment interest covering the period between when the funds became due to someone and when they were deposited with the court.").

If this Court denies interpleader, Cozen O'Connor's motion should be denied in its entirety, as the Farleys' counterclaim for recovery of the plan benefits would properly be asserted against Cozen. However, if the Court grants interpleader and orders deposit of the plan benefits with the Court, Cozen O'Connor's motion should be denied at least in part, due to the continued pendency of the Farleys' counterclaim for prejudgment interest.

Respectfully submitted,

/s/Peter Breen

Randall L. Wenger
Pa. no. 86537
Independence Law Center
23 North Front Street, Second Floor
Harrisburg, Pennsylvania 17101
Telephone 717-657-4990
Facsimile 717-545-8107

Thomas Brejcha[*]
Peter Breen*
Thomas More Society
29 South LaSalle St. – Suite 440
Chicago, IL 60603
Telephone 312-782-1680
Facsimile 312-782-1887

Jonathan W. Michael*
Aaron H. Stanton*
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash, 22nd Floor

---

[*] Appearing *pro hac vice*.

Chicago, IL 60611
Telephone 312-840-7049
Facsimile 312-840-7900

## CERTIFICATE OF SERVICE

    I, Peter Breen, an attorney herein, certify that I caused this DAVID M. AND JOAN F. FARLEY'S RESPONSE TO COZEN O'CONNOR'S MOTION FOR JUDGMENT ON THE PLEADINGS to be served on all counsel via the Court's CM/ECF system on September 22, 2011.

                                                    /s/Peter Breen