4UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COZEN O'CONNOR, P.C. | : |
| Plaintiff, | : |
| v. | : Case Number: 2:11-cv-00045 |
| JENNIFER J. TOBITS | : Judge: C. Darnell Jones, II |
| and | : |
| DAVID M. FARLEY and JOAN F. FARLEY, h/w | : |
| Defendants. | : |

**PLAINTIFF COZEN O'CONNOR, P.C.'S OMNIBUS BRIEF IN OPPOSITION TO MOTIONS FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF GAGE RALEY, CONCERNED WOMEN FOR AMERICA, FREDERICK DOUGLASS FOUNDATION, PARENTS AND FRIENDS OF EX-GAYS & GAYS, HUMAN RIGHTS CAMPAIGN AND EQUALITY FORUM, AND PROFESSOR ROBERT P. GEORGE, SHERIF GIRGIS, AND RYAN T. ANDERSON**

On December 9, 2011, several non-parties filed motions for leave to file an *amicus curiae* brief. For the reasons set forth herein, Cozen O'Connor, P.C. ("Cozen O'Connor"), by and through its undersigned counsel, submits its omnibus brief in opposition to the motions for leave to file *amicus curiae* brief of Gage Raley (Doc. No. 75), Concerned Women for America (Doc. No. 76), Frederick Douglass Foundation (Doc. No. 77), Parents and Friends of Ex-Gays & Gays (Doc. No. 78), Human Rights Campaign and Equality Forum (Doc. No. 79), and Professor Robert P. George, Sherif Girgis, and Ryan T. Anderson (Doc. No. 80).

**I.     Standard for Motions for Leave to Participate as *Amicus Curiae***

A court has discretion to allow a petitioner to participate in litigation as *amicus curiae*. *Price v. Corzine*, No. 06-1520, 2006 U.S. Dist. LEXIS 54511, at *5 (D.N.J. Aug. 7, 2006) (citing *Liberty Res., Inc. v. Philadelphia Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005)). Since the Federal Rules of Civil Procedure do not govern the participation of an *amicus* in the district

courts, the district courts are mindful of the Third Circuit's application of Federal Rule of Appellate Procedure 29, recognizing the caveat that at the trial court level, "the aid of *amicus curiae* may be less appropriate than at the appellate level." *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 n.2 (D.N.J. 2002).

> Generally, a district court grants *amicus curiae* status where: (1) the petitioner has a special interest in the case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case.

*Price*, 2006 U.S. Dist. LEXIS 54511, at *6 (citing *Liberty Res.*, 395 F. Supp. 2d at 209).

Here, two of these factors weigh most heavily against the Court's acceptance of the proposed briefs of the *amici curiae*. First, the parties are thoroughly represented and have briefed the issues for which the hopeful *amici* participants seek leave to present. In addition, two governmental parties have presented or will present their respective positions on these issues to this Court. Second, as the proposed briefs offer little by way of assistance to this Court's understanding of the issues, their submission only will serve to increase the parties' costs and the time of this Court. The amount of money at issue is approximately $40,000, and after almost a full year of litigation and four months of briefing, the Court is fully informed of the interests at stake and should not impose the burdens of additional briefing, and potentially a lengthening of the time needed for oral argument, on the parties to give the *amici curiae* a podium to voice their social agendas.

II.   **The Court Should Not Grant Any of the Motions for Leave to File *Amicus Curiae* Brief Because Each Petitioner's Asserted Interest Is Fully Represented**

The assistance of a party wishing to participate in litigation as *amicus curiae* is not necessary if the parties are "adequately represented by competent counsel." *Price*, 2006 U.S. Dist. LEXIS, at *9; *see also Hughes v. White*, 388 F. Supp. 2d 805, 817 n.3 (S.D. Ohio 2005) (amicus brief not necessary to Court's consideration and determination of issues before it

2

because parties' counsel "have more than adequately briefed the issues before the Court," petitioner did not articulate special interest in any other case that may be affected by Court's determination, and all parties did not consent to filing of amicus brief).

There are five attorneys from three different entities representing the interests of David and Joan Farley, arguing in support of the constitutionality of the Defense of Marriage Act ("DOMA") and Pennsylvania Defense of Marriage Act ("PA DOMA").  (Doc. No. 72.)  There are six attorneys from three different entities arguing that DOMA and PA DOMA are not applicable to the instant case, and even if the Court finds the Acts applicable, they are unconstitutional, in the interest of Jennifer Tobits.  (Doc. No. 73.)  In addition, proposed intervenor, the Bipartisan Legal Advisory Group of the U.S. House of Representatives, has ten attorneys defending the constitutionality of DOMA, should the Court grant its motion to intervene.  (Doc. No. 71.)  On December 1, 2011, this Court issued an Order granting the motion to intervene of the United States (Doc. No. 67), and there will be four attorneys representing the interests of the United States (*see* Doc. No. 65).

No petitioner reasonably can argue that its asserted interest is not adequately represented by the parties.  Although the petitioners try to distinguish their interests from those of the parties, merely presenting material different from the material the parties have set forth in their respective briefs in support of the same ultimate interest is not a sufficient reason for their applications to be granted.  The proposed *amici curiae* briefs of Gage Raley (Doc. No. 75), Concerned Women for America (Doc. No. 76), Frederick Douglass Foundation (Doc. No. 77), Parents and Friends of Ex-Gays & Gays (Doc. No. 78), and Professor Robert P. George, Sherif Girgis, and Ryan T. Anderson (Doc. No. 80) each seek to present their views in support of the constitutionality of DOMA.  The Human Rights Campaign and Equality Forum (Doc. No. 79) does not take a position with respect to the constitutionality of DOMA or PA DOMA, but rather

argues that the Court need not reach the constitutional issues implicated by the case sub judice -- a position which has been briefed previously by Tobits and the Farleys, and again by Tobits in her supplemental brief (*see* Doc. No. 73, pp. 44-51).  The parties are well-represented by knowledgeable and experienced counsel, and thus, there is no considerable need for the briefs of *amici curiae*.

**III.   The Court Should Not Grant Petitioners the Right to Submit their Proposed Briefs Because They Are Not Useful and Allowing their Submission Contravenes the Concept of Judicial Efficiency**

The legal resources that the parties are expending in this litigation, as illustrated by the sheer number of attorneys who are involved, is exceeding rapidly, if not already surpassed, the value of the benefit at stake.  If the Court grants the petitioners' motions, the parties must endure additional briefing, and to the extent the Court allows, may have to endure a prolonged oral argument to allow for the participation of *amici curiae*.  Comparative to the relatively small monetary value of the case, the participation of these proposed *amici* runs counter to the doctrine that courts should administer the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

Cozen O'Connor recognizes that the social and political value of this case outshines its pecuniary value.  This alone does not render the proposed briefs useful to this Court.  As discussed above, this case already has consumed significant resources and, without any showing that the petitioners' interests are different from those of the well-represented parties, it is in the interests of judicial economy that the Court deny each of the motions for leave to file an *amicus brief*.

**IV.   Conclusion**

For the foregoing reasons, Cozen O'Connor respectfully requests that this Court deny all petitioners' Motions for Leave to File an *Amicus Curiae* Brief.

        Respectfully submitted,

        */s/ H. Robert Fiebach*
        H. Robert Fiebach, Esq.
        Jay Dorsch, Esq.
        Raymond A. Kresge, Esq.
        Jill M. Caughie, Esq.
        COZEN O'CONNOR
        1900 Market Street
        Philadelphia, PA  19103-3508
Date: December 15, 2011    (215) 665-5536

        *Attorneys for Plaintiff/Counterclaim Defendant*
        *Cozen O'Connor, P.C.*

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on December 15, 2011. Notice of this filing will be sent by operation of the Court's CM/ECF system to all counsel of record with the exception of the following individuals which will be served by U.S. Mail, postage prepaid:

Linda Kelly, Esquire
Attorney General
Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

Pennsylvania Office of Attorney General
Civil Law Division
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107

Nathan Daniel Fox
EASTBURN & GRAY PC
60 E Court Street
Doylestown, PA 18901

William A. Bonner
LAW OFFICE OF WILLIAM A BONNOR
12 Veterans Square #1
Media, PA 19063

                                                      */s/ Jill M. Caughie*
                                                      Jill M. Caughie