UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COZEN O'CONNOR, P.C.,** : | |
| : | |
| **Plaintiff** : | Case Number 2:11-cv-00045 |
| : | |
| v. : | |
| : | Judge: C. Darnell Jones, II |
| **JENNIFER J. TOBITS and** : | |
| **DAVID M. FARLEY and** : | |
| **JOAN F. FARLEY, h/w,** : | |
| : | |
| **Defendants.** : | |
| : | |

**DAVID AND JOAN FARLEY'S NOTICE OF SUPPLEMENTAL AUTHORITY**

David and Joan Farley respectfully submit this Notice of Supplemental Authority regarding the Court's October 27, 2011 Order requesting briefing on the constitutionality of the state and federal Defense of Marriage acts. The recent District of Hawaii decision dealing with the constitutionality of Hawaii's marriage law, *Jackson v. Abercrombie*, No. 11-00734 ACK-KSC, --- F. Supp. 2d ---, 2012 WL 3255201 (D. Haw. Aug. 8, 2012), *appeal docketed*, No. 12-16998 (9th Cir. Sept. 10, 2012), supports the arguments of Mr. and Mrs. Farley. In *Jackson*, the Court held that *Baker v. Nelson*, 409 U.S. 810 (1972), controlled, *see Jackson*, Slip Op. at 43, for the "precedential value of a dismissal for want of a substantial federal question extends beyond the facts of the particular case *to all similar cases*." *Id.* at 41 (quoting *Wright v. Lane Cnty. Dist. Court*, 647 F.2d 940, 941 (9th Cir. 1981)) (emphasis in original).

The Court recognized that the right to same sex marriage is not fundamental, *id.* at 67-68, defining marriage as between one man and one woman does not discriminate on the basis of sex, *id.* at 69, homosexuals are not a suspect class, *id.* at 79, and no "more searching form of rational basis review" or "intensified scrutiny" is to be applied, *id.* at 81-84. The court concluded that the

law's definition of marriage as between one man and one woman was rationally related to a legitimate state interest because "opposite-sex couples, who can naturally procreate, advance the interest in encouraging natural procreation to take place in stable relationships and same-sex couples do not to the same extent." *Id.* at 105. The court agreed that it was rational "to conclude that other things being equal, it is better for children to grow up with both a mother and a father." *Id*. at 110. Moreover, the court found that "it is not beyond rational speculation to conclude that fundamentally altering the definition of marriage to include same-sex unions might result in undermining the societal understanding of the link between marriage, procreation, and family structure." *Id*. at 112.

The Farleys urge this court to follow *Jackson* as to the constitutional issues.

Respectfully submitted this 13th day of Sept., 2012,

/s/ Randall L. Wenger
Randall L. Wenger
INDEPENDENCE LAW CENTER
23 North Front Street, Second Floor
Harrisburg, Pennsylvania 17101
Telephone 717-657-4990
Facsimile 717-545-8107

Thomas Brejcha
Peter Breen
THOMAS MORE SOCIETY
29 South LaSalle St. – Suite 440
Chicago, IL 60603
Telephone 312-782-1680
Facsimile 312-782-1887

Jonathan W. Michael
Aaron H. Stanton
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 N. Wabash, 22nd Floor
Chicago, IL 60611
Telephone 312-840-7049
Facsimile 312-840-7900

## **CERTIFICATE OF SERVICE**

I, Randall L. Wenger, an attorney herein, certify that I caused notice of supplemental authority to be served on all counsel via the Court's CM/ECF system on September 13, 2012.

/s/Randall L. Wenger